UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KIM G., o/b/o ERICA L.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

**DECISION AND ORDER**

1:24-CV-00110 EAW

## INTRODUCTION

Represented by counsel, Plaintiff Kim G. o/b/o Erica L. ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court is the Commissioner's motion to remand the case for further administrative proceedings (Dkt. 7), Plaintiff's response opposing remand for further administrative proceedings and advocating for remand solely for the calculation and payment of benefits (Dkt. 8), and the Commissioner's reply (Dkt. 10). For the reasons explained below, the Commissioner's motion is granted to the extent that the matter is remanded for further administrative proceedings, and Plaintiff's request that the matter be remanded solely for calculation and payment of benefits is denied.

## BACKGROUND

Plaintiff protectively filed her applications for DIB and SSI on December 8, 2017. (Dkt. 3 at 161-62, 163-74).[1] In her applications, Plaintiff alleged disability beginning on December 7, 2016. (*Id.* at 161, 165). Plaintiff's applications were initially denied on April 18, 2018. (*Id.* at 92-107). A video hearing was held before administrative law judge ("ALJ") Timothy Belford on October 10, 2019. (*Id.* at 44-70). On April 9, 2020, the ALJ issued an unfavorable decision. (*Id.* at 19-39). Plaintiff requested Appeals Council review; her request was denied on November 12, 2020. (*Id.* at 8-13).

Thereafter, Plaintiff appealed the Commissioner's determination to the United States District Court for the Western District of New York, and by stipulation of the parties, on May 6, 2022, the undersigned remanded the case for further administrative proceedings. (*Id.* at 716-17). On October 17, 2022, while the case was pending on remand, Plaintiff passed away and her mother was substituted as a party in interest. (*Id.* at 828-29).

The ALJ held a second telephone hearing on April 25, 2023. (*Id.* at 667-84). The ALJ issued an unfavorable decision on October 6, 2023. (*Id.* at 647-659). This action followed.

---

[1]   When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

## **LEGAL STANDARD**

### I. **District Court Review**

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

### II. **Disability Determination**

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in

substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* §§ 404.1509, 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id.* §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to

demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## **DISCUSSION**

### I.     The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920. Initially, the ALJ determined that Plaintiff last met the insured status requirements of the Act through September 30, 2017. (Dkt. 3 at 650). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since December 7, 2016, the alleged onset date. (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: spine disorder, fibromyalgia, obesity, deep vein thrombosis, asthma, bipolar disorder, affective disorder, anxiety disorder, post traumatic stress disorder, and a learning disorder. (*Id.*). The ALJ further found that Plaintiff's medically determinable impairments of hypertension and fracture in her tibia and fibula were non-severe. (*Id.*).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 651). The ALJ particularly considered the criteria of Listings 1.15, 3.03, 12.04, and 12.06 in reaching his conclusion. (*Id.*).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except:

> she could have no more than occasional climbing ramps and stairs, no climbing ladders, no more than occasional balancing, stooping, crawling, kneeling, and crouching. She could have no more than frequent pushing and pulling of hand controls, fingering, handling and reaching. She could have no more than occasional exposure to work environments with temperature extremes, concentrated pulmonary irritants, and hazards. She was able to understand perform simple routine tasks, that were goal-oriented rather that at production pace, with only occasional workplace changes and only occasional interaction.

(*Id.* at 652-53). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (*Id.* at 657).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of document preparer, addresser, and polisher, eye glass frames. (*Id.* at 658). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act from December 7, 2016, through the date of death. (*Id.* at 659).

## II. Remand of This Matter for Further Administrative Proceedings is Appropriate

The Commissioner asks the Court to remand this matter for further proceedings to permit the ALJ to reevaluate whether jobs exist in significant numbers in the national economy that Plaintiff could have performed. (Dkt. 7-1 at 2). In response, Plaintiff agrees that remand is appropriate—but only for the calculation and payment of benefits. (*See* Dkt. 8 at 1). The Commissioner argues that remand for further proceedings is particularly

appropriate where, as here, the record does not establish conclusive proof of disability. (Dkt. 7-1 at 2).

Given that the parties agree that remand is appropriate, the Court considers the appropriate remedy: remand for further proceedings, or remand for the calculation and payment of benefits.

"Under 42 U.S.C. § 405(g), the district court has the power to affirm, modify, or reverse the ALJ's decision with or without remanding for a rehearing." *Peach v. Berryhill*, No. 1:17-CV-00201-MAT, 2018 WL 4140613, at *4 (W.D.N.Y. Aug. 30, 2018). "The standard for directing a remand for calculation of benefits is met where the record persuasively demonstrates the claimant's disability, and there is no reason to conclude that the additional evidence might support the Commissioner's claim that the claimant is not disabled." *Destefano v. Berryhill*, No. 6:17-cv-06651(MAT), 2018 WL 5489574, at *5 (W.D.N.Y. Oct. 29, 2018) (internal citations omitted). Where there is conflicting evidence of record regarding a plaintiff's RFC, "further administrative proceedings are necessary." *Kress v. Barnhart*, 297 F. Supp. 2d 623, 624 (W.D.N.Y. 2004); *see also Torres v. Colvin*, No. 3:16-cv-00809(JAM), 2017 WL 1734020, at *3 (D. Conn. May 3, 2017) ("Where there are gaps in the administrative record or the ALJ has applied an improper legal standard, a remand for further development of the evidence is appropriate. But where the record provides persuasive proof of disability and a remand for further evidentiary proceedings

would serve no purpose, the Court may reverse and remand solely for calculation and payment of benefits." (quotations and citation omitted)).

"Further, where a claim has previously been remanded and the Commissioner has been afforded multiple opportunities to carry his burden, remand for calculation and payment of benefits may be appropriate." *Steven C. v. Comm'r of Soc. Sec.*, 592 F. Supp. 3d 132, 141 (W.D.N.Y. 2022); *see also Peter W. v. O'Malley*, No. 3:23-cv-00706 (JAM), 2024 WL 4343616, at *9-10 (D. Conn. Sept. 30, 2024) (where the plaintiff's claim was pending for over eight years, and the Commissioner twice requested remand for repeated legal errors, concluding that there was no purpose "to afford the Commissioner a third opportunity to apply the correct legal standard and carry his burden"); *Torres*, 2017 WL 1734020, at *4 ("Plaintiff's claim has been pending for more than seven years and was already remanded by the District Court once before. I am not persuaded that the Commissioner deserves a third opportunity to carry her burden.").

As noted, the parties agree that remand is warranted to revisit the ALJ's failure to require the Commissioner to carry its burden at step five of the sequential analysis. In her opposition, Plaintiff contends that the ALJ failed to hold the Commissioner to its burden at step five because he relied on obsolete jobs or jobs that do not exist in significant numbers in concluding that Plaintiff could perform jobs within the limited sedentary RFC. (Dkt. 8 at 2).

At step five, the burden shifts to the Commissioner, who must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's

age, education, and work experience. *Rosa*, 168 F.3d at 77 (quotation and citation omitted); *see also McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (explaining that while the plaintiff has the burden at steps one through four of the sequential analysis, at step five the burden shifts to the Commissioner, who must "show there is other work that [the claimant] can perform" (citation omitted)). Here, the ALJ found that Plaintiff could perform three jobs at step five, including the occupations of document preparer, addresser, and polisher, eye glass frames. (Dkt. 3 at 658).

Plaintiff maintains that the jobs of document preparer and addresser are obsolete. (*See* Dkt. 8 at 2-4 (collecting cases)); *see also Bobby R. v. Comm'r of Soc. Sec.*, No. 5:23-CV-00590 (MAD/ML), 2024 WL 3735876, at *9 (N.D.N.Y. July 8, 2024) (recognizing that numerous courts have found the positions of "addresser" and "document preparer" to be obsolete, and therefore they cannot constitute substantial evidence of jobs existing in the national economy that the plaintiff could perform), *adopted*, 2024 WL 3715757 (N.D.N.Y. Aug. 8, 2024); *Geron S. v. Comm'r of Soc. Sec.*, No. 23-CV-6191-LJV, 2024 WL 1932064, at *4 (W.D.N.Y. May 2, 2024) (concluding that the position of document preparer is obsolete and therefore fails to support the ALJ's step five finding); *Pamela H. v. Kijakazi*, No. 5:20-CV-00304 (NAM), 2021 WL 4307457, at *6 (N.D.N.Y. Sept. 22, 2021) (noting that DOT descriptions for document preparer and addresser were out of date and fail to account for current job conventions); *Corey S. v. Commr. of Soc. Sec.*, 5:20-CV-0678 (ML), 2021 WL 2935917, at *12 (N.D.N.Y. July 13, 2021) (remanding case where "the ALJ could not reasonably rely solely on the VE testimony that there were approximately 45,000 document preparer positions in the national economy that Plaintiff

could perform," in light of "the overwhelming evidence that the document preparer position, as defined in the DICOT, is obsolete in the national economy").

As to the eye glass frame polisher position, the VE testified that there were only 1,000 of these jobs in the national economy—which is not a "significant" number of jobs. *See, e.g., Lance P. v. Comm'r of Soc. Sec.*, No. 21-CV-06123-FPG, 2023 WL 2573321, at *5 (W.D.N.Y. Mar. 20, 2023) ("Courts in this district have generally determined that at least 9,000 jobs amount to a significant number that is sufficient to satisfy the regulatory requirement.") (collecting cases); *Peach*, 2018 WL 4140613, at *3 (explaining that while the term "significant number" is not statutorily defined, "a number of courts in this Circuit have indicated that numbers similar to the DOT numbers provided by the VE . . . (a total of 34 positions locally and 8,991 positions nationally, with the most widely available specific job cited having only 6,672 jobs available in the national economy) would not qualify as 'significant'").

The Commissioner does not dispute that the jobs of document preparer or addresser are obsolete, nor does he dispute that the eye glass frame polisher position does not have a significant number of jobs available in the national economy.  Rather, as explained above, the Commissioner argues that the ALJ should be permitted to revisit the step five finding on remand since a VE may well be able to identify other sedentary jobs available in significant number in the national economy that Plaintiff could have performed.  In addition, the Commissioner argues that delay alone is an insufficient basis to remand for

benefits, and that this case does not present the type of delay and error that would justify remand for calculation of benefits. The Court agrees.

This case was remanded once on different grounds from those presently advanced and therefore is dissimilar to those cases where there were multiple remands or where the same error was repeated by the ALJ despite additional opportunities to remedy it. *See, e.g., Peach*, 2018 WL 4140613, at *5 (remanding for calculation of benefits where matter had been remanded and ALJ continued to fail to support step five finding with substantial evidence); *see also Torres*, 2017 WL 1734020, at *3-4 (remanding for calculation and payment of benefits, where the plaintiff's claim had been pending for more than seven years, was remanded by the district court once before, and the ALJ failed to carry her burden at step five since the job identified by the VE did not exist in significant numbers in the national economy). In addition, the delay in this case is not significant.

Accordingly, in light of the fact that remand for benefits is reserved for exceptional cases, and because further development of the record could be fruitful in this case, the Commissioner's motion to remand for further administrative proceedings is granted. *See Tammie S. v. Dudek*, No. 3:24-CV-490 (MJK), 2025 WL 1811173, at *3 (N.D.N.Y. July 1, 2025) (denying motion to remand for calculation of benefits); *Jose M. v. Comm'r of Soc. Sec.*, No. 23-CV-0139-LJV, 2025 WL 1413006, at *3 (W.D.N.Y. May 15, 2025) ("'Remand for additional proceedings [is] appropriate,' . . . 'where there are gaps in the administrative record or the ALJ has applied an improper legal standard.'" (quoting *Ben v. Berryhill*, No. 17cv08345 (DCF), 2019 WL 1447892, at *4 (S.D.N.Y. Mar. 19, 2019))); *cf. Bobby R.*, 2024 WL 3735876, at *10 (explaining that while remand for calculation and

payment of benefits is "generally disfavored," "[t]he highly restrictive RFC determination and low number of jobs that have been identified despite multiple hearings provide persuasive proof of disability and show that further development of the record would not serve any useful purpose").

## **CONCLUSION**

For the foregoing reasons, the Commissioner's motion to remand for further administrative proceedings (Dkt. 7) is granted. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: September 4, 2025
       Rochester, New York